DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ohio Civil Rights Commission, ) | |
| ) | CASE NO. 5:05 CV 1451 |
| Plaintiff, ) | |
| and ) | |
| ) | MEMORANDUM OPINION |
| Fair Housing Advocates Association, ) | AND ORDER |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SH-91 Limited Partnership, dba Spring Hill ) | |
| Apartments, et al., ) | |
| ) | |
| Defendants. ) | |

The above-captioned case was removed to this federal court from the Summit County Court of Common Pleas on May 23, 2005, after having been originally filed in the state court on December 15, 2004. Presently before the Court is a motion to remand filed by the plaintiff Ohio Civil Rights Commission ("OCRC"). (Doc. No. 6). Defendants have filed a response (Doc. No. 7) and plaintiff filed a reply (Doc. No. 9). The intervening plaintiff, Fair Housing Advocates Association ("FHAA"), has filed no brief with respect to the motion to remand. For the reasons set forth below, the motion to remand is granted.[1]

---

[1] The Court declines to rule on the pending motion for judgment on the pleadings which was filed by the defendants. (Doc. No. 14). That motion can be presented to and resolved by the state

(continued...)

(5:05 CV 1451)

## I.  PROCEDURAL BACKGROUND

The complaint filed in state court by the OCRC was brought based on alleged violations of the Ohio civil rights statute, Ohio Rev. Code § 4112.02(H).  The complaint originated as a housing discrimination charge filed by FHAA against the defendants.  OCRC conducted a preliminary investigation and determined that there was probable cause to believe that defendants had engaged in discriminatory housing practices.  When informal methods of conciliation failed, OCRC filed the state court complaint after FHAA elected to proceed in common pleas court pursuant to Ohio Rev. Code § 4112.051.

OCRC alleged that the defendants, an apartment complex and its management company, used selection criteria and applied rules and regulations which had the purpose and effect of denying or restricting the access of families with children to the housing accommodations.  OCRC sought declaratory and injunctive relief, costs and fees, actual damages and punitive damages.  In addition, OCRC sought to recover damages on behalf of the original complainant, FHAA, based on violations of Ohio Rev. Code § 4112.02(H)(1) and (4).

On March 29, 2005, FHAA moved the state court to be allowed to intervene.  The defendants opposed the motion; OCRC supported the motion.  On April 28, 2005, the common pleas judge

---

[1] (...continued)
court on remand.  The Court also expresses no opinion regarding the motion for contempt that had been filed in state court against FHAA and was pending at the time of removal.

(5:05 CV 1451)

granted the motion to intervene and deemed the intervening complaint filed as of March 29, 2005.[2]

The intervening complaint set forth, for the first time in the litigation, claims asserted under federal civil rights laws.

On May 23, 2005, defendants removed the case to this Court. In their notice of removal, defendants assert that "removal is proper . . . based upon defenses and claims regarding Title VII of the Civil Rights Act and the Federal Fair Housing Act 42 USC § 3601, *et seq*." (Doc. No. 1 at ¶ 5).[3]

## II. DISCUSSION

The burden of showing that removal is proper is on the party seeking to invoke this Court's subject matter jurisdiction. Federal statutes governing removal are strictly construed in favor of state court jurisdiction. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir.1989)).

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent [complete] diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the

---

[2] The day after the motion to intervene was granted, defendants filed a motion for contempt and for judgment against FHAA. This motion was never resolved before the case was removed.

[3] The intervenor's complaint was brought under Title VIII, not Title VII, and under the Federal Fair Housing Act. FHAA sought to recover for "resources and time [expended] in investigating and attempting to remedy Defendants' [alleged] illegal housing practices." (Doc. No. 1, Exh. Q, attachment at ¶ 12).

3

(5:05 CV 1451)

> plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnotes omitted).

In Hopkins Erecting Co. v. Briarwood Apartments of Lexington, 517 F.Supp. 243, 250 (E.D. Ky. 1981), the court explained: "in determining whether a case was removed improvidently and without jurisdiction, it should first be ascertained if a removable claim is asserted in the initial pleading in the case and, if not, whether a subsequent voluntary act of the plaintiff has converted the claim into one that is removable." See also, Henderson v. City of Chattanooga, No. 1:02-CV-045, 2002 WL 32060139 (E.D. Tenn. March 15, 2002) (filing an intervening complaint does not make an otherwise non-removable case removable).

In the instant case, the initial pleading was based solely on state law claims of housing discrimination. These claims were raised by OCRC on behalf of itself and the administrative complainant, FHAA. No federal claims were asserted until several months later when FHAA was permitted to file an intervening complaint. Even so, the claims asserted by FHAA were not truly "separate and independent" within the meaning of 28 U.S.C. § 1441(c), since they were intimately related to and dependent upon the state law claims asserted by OCRC.

Based on the case law cited above, this case was improvidently removed. As a result, this Court lacks subject matter jurisdiction.

(5:05 CV 1451)

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No. 6) is granted on the ground that this case was improvidently removed, rendering this Court lacking in subject matter jurisdiction.

The Court also declines to rule on any other pending motion, leaving those for the state court to resolve.[4]

IT IS SO ORDERED.

| | |
|---|---|
|  July 5, 2005  |  *s/ David D. Dowd, Jr.*  |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[4] Needless to say, the Case Management Conference which had been scheduled for July 8, 2005, is canceled.